UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

OMEGA HUTTON,

                             PLAINTIFF,

                 -AGAINST-

NEW YORK CITY, SCHOOL SAFETY AGENT
HERNANDEZ, SCHOOL SAFETY AGENT
FERGUSON, and SCHOOL SAFETY AGENT JANE
DOE, individually, and in their capacity as members of the
New York City Police Department,

                             DEFENDANTS.

------------------------------------------------------------------ x

**COMPLAINT**

**ECF CASE**

CV 14 4526 MAUSKOPF, J. LEVY, M.J.

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff, Ms. Omega Hutton ("Ms. Hutton"), seeks relief for the violation of her rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about December 3, 2013, in which School Safety Agents of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Ms. Hutton to *inter alia* false arrest, malicious prosecution and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Ms. Hutton, is a United States citizen and at all times here relevant resided at 340 Georgia Avenue, Apartment B1, Brooklyn, NY 11207.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. School Safety Agent Hernandez ("SSA Hernandez"), School Safety Agent Ferguson ("SSA Ferguson") and School Safety Agent Jane Doe ("SSA Jane Doe"), at all times here relevant were School Safety Agents in the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Hutton is an 18 year-old African American female.

11. Ms. Hutton is a high school student and lives with her mother.

12. On or about December 3, 2013, Ms. Hutton was attending W.H. Maxwell Career and Technical Education High School in Brooklyn.

2

13. Ms. Hutton arrived at school and proceeded through the security scanner.

14. SSA Ferguson told Ms. Hutton that she had to go through the security scanner again.

15. Ms. Hutton proceeded through the security scanner again.

16. SSA Ferguson then told Ms. Hutton to take off her boots and to go back through the scanner barefoot.

17. Ms. Hutton did not want to take off her boots outside on account of the cold winter weather.

18. Ms. Hutton offered to take off her boots at the inside table and to allow the School Security Agents to search her with their metal detecting wands.

19. Ms. Hutton has seen the student in front of her remove her boots at the table inside and be searched with the metal detecting wand.

20. SSA Ferguson refused Ms. Hutton's request and told her she would have to leave the premises.

21. Ms. Hutton requested that she be allowed to pick up some work from her school guidance counselor.

22. Ms. Hutton stepped forward and was immediately surrounded by SSA Ferguson and SSA Hernandez.

23. SSA Ferguson pushed Ms. Hutton in her chest.

24. Ms. Hutton fell backwards and hit her head on the floor.

25. As Ms. Hutton tried to get up SSA Ferguson pushes her down again.

26. SSA Ferguson then sat on top of Ms. Hutton's pelvic area and dug her knees into Ms. Hutton's ribcage.

27. SSA Hernandez then grabbed and twisted Ms. Hutton's left wrist.

28. SSA Jane Doe then grabbed and handcuffed Ms. Hutton's right wrist, squeezing the cuffs extremely tight.

29. Ms. Hutton was in extreme pain.

30. Ms. Hutton moved onto her stomach and one of the School Security Agents pulled her up by dragging the handcuff on her right hand.

31. One of the School Security Agents then pushed Ms. Hutton headfirst into a glass display cabinet.

32. Ms. Hutton was then cuffed behind her back.

33. SSA Hernandez continually pulled down on the handcuffs, causing Ms. Hutton severe pain.

34. Ms. Hutton was taken to the Dean's office then subsequently taken to Kings County hospital.

35. At Kings County Hospital Ms. Hutton was handcuffed to a bed.

36. As a result of this incident Ms. Hutton was suspended from school and given a summons for disorderly conduct.

37. SSA Ferguson falsely alleged that Ms. Hutton had swung and kicked her, causing injury to her knee and causing her to suffer an asthma attack.

38. SSA Ferguson's allegations were unsubstantiated at the school suspension hearing.

39. Ms. Hutton went court on or about March 7, 2014, at which time all charges against her were dismissed.

40. Ms. Hutton continues to feel traumatized by the events of December 3, 2013, and is wary and fearful when she sees police officers and school safety agents.

41. Ms. Hutton also suffered physical injuries as a result of this incident, including but not limited to, cuts, scrapes, abrasions, swelling, bruising and pain to her head, wrists, arms, back, ribs, stomach and legs. Ms. Hutton also suffered from black-outs and periods of feeling faint as a result of the incident.

42. Ms. Hutton has suffered a great deal following the incident and continues to feel fear, embarrassment, humiliation, emotional distress, frustration, anxiety and physical pain.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

43. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

44. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

45. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

46. Defendants confined plaintiff.

47. Plaintiff was aware of, and did not consent to, her confinement.

48. The confinement was not privileged.

49. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

50. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

51. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

52. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

53. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

54. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

55. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

56. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by defendants.

57. The malicious prosecution was initiated by defendants without legal justification and without probable cause, in that defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in favor of plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

58. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FOURTH CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

59. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

60. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

61. Defendants have deprived plaintiff of her right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

62. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in plaintiff suffering a deprivation of liberty and a violation of his rights.

63. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

64. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 10, 2014

By: /s/ Duncan Peterson
Duncan Peterson (DP 7367)
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075